IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
CHARTER BANK OF SANTA FE,
NEW MEXICO,

      Plaintiff,

vs.                                            Civ. No. 13-50 KG/KBM

ELIZABETH WERTHEIM, as Personal
Representative of the Estate of Robert Wertheim,
Deceased; R. GLENN WERTHEIM; JOHN W.
BROWN; RONALD BROWN, PAUL
GOBLET; JOYCE GODWIN; SHIRLEY
SCOTT; BRUCE SELIGMAN;
STEPHEN M. WALKER; and
ANDREW FELD,

      Defendants.

MEMORANDUM OPINION AND ORDER

      This matter comes before the Court upon Defendants' Motion to Strike (Motion to Strike), filed March 5, 2013. (Doc. 25). Plaintiff filed a response on March 28, 2013, and Defendants filed a reply on April 22, 2013. (Docs. 29 and 34). Having reviewed Defendants' Motion to Strike and the accompanying briefs, the Court denies Defendants' Motion to Strike.

      Defendants move under Fed. R. Civ. P. 12(f) to strike Paragraphs 38-40 of the Complaint for Negligence, Gross Negligence, and Breaches of Fiduciary Duty (Doc. 1). In Paragraph 38, Plaintiff describes Specialty Lending Group's (SLG) alleged predatory lending practices while in Paragraph 39 Plaintiff asserts that "Defendants knew, or should have known, that as a result of its lax underwriting standards that the probability of default was enormous." Plaintiff also asserts in Paragraph 40 that "[i]n effect, the Bank was relying solely on foreclosures, without

consideration of the borrower's ability or willingness to repay—classic predatory lending." Plaintiff further maintains in Paragraph 40 that "Defendants knew or should have known that SLG's lending practices were predatory," because of a June 2007 audit which raised allegedly "possible red flags to predatory lending practices."

Rule 12(f) permits the court to "strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." Motions to strike, however, are not favored and district courts generally should deny them "'unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy….'" *See Lane v. Page*, 727 F.Supp.2d 1214, 1223-24 (D.N.M. 2010) (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1382 (3d ed. 2004)). *See also Sai Broken Arrow C, LLC v. Guardian Emergency Vehicles, Inc.*, 2010 WL 132414 at *5 (N.D. Okla. Jan. 8, 2010) (explaining that "[s]triking a pleading or part of a pleading is a 'drastic remedy and [that] because a motion to strike may often be made as a dilatory tactic, motions to strike under Rule 12(f) generally are disfavored'" ) (quoting *Burget v. Capital West Sec., Inc.*, 2009 WL 4807619 at *1 (W.D. Okla. Dec. 8, 2009)). The decision to grant a motion to strike is within the court's discretion. *See Burget*, 2009 WL 4807619 at *1 (citation omitted).

Defendants argue that the Court should strike Paragraphs 38-40 because the allegations of predatory lending have no possible bearing on Plaintiff's gross negligence claim, and because Plaintiff included Paragraphs 38-40 "to stigmatize Defendants in the hope that such conduct will lead to adverse publicity which may impact prospective jurors in this case." (Doc. 25) at 4-5. Notably, Defendants contend that Plaintiff does have a cause of action based on predatory lending.

Plaintiff argues, however, that it is not attempting to bring a predatory lending cause of action. Instead, Plaintiff filed this lawsuit to recoup the Bank's losses which led to its insolvency. Accordingly, Plaintiff contends that Paragraphs 38-40 have a bearing on this lawsuit because SLG's predatory lending practices and the resultant "inherent dangerousness of the SLG venture" from defaults contributed to the losses suffered by the Bank. (Doc. 29) at 2. Plaintiff also contends that the allegation Defendants were engaged in predatory lending while aware of its risks is relevant to Plaintiff's gross negligence claim.

The Court agrees with Plaintiff. Considering that motions to strike are disfavored and considered a drastic remedy, the Court finds that Paragraphs 38-40 are sufficiently related to the subject matter of this lawsuit to avoid being stricken under Rule 12(f). The Court further does not find that those Paragraphs are sufficiently "scandalous" to warrant being stricken. Consequently, the Court denies the Motion to Strike.

IT IS ORDERED that Defendants' Motion to Strike (Doc. 25) is denied.

_____
UNITED STATES DISTRICT JUDGE