IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FEDERAL DEPOSIT INSURANCE
CORPORATION, as Receiver for
CHARTER BANK OF SANTA FE,
NEW MEXICO,

    Plaintiff,

vs.                                                    Civ. No. 13-50 KG/KBM

ELIZABETH WERTHEIM, as Personal
Representative of the Estate of Robert Wertheim,
Deceased; R. GLENN WERTHEIM; JOHN W.
BROWN; RONALD BROWN; PAUL
GOBLET; JOYCE GODWIN; SHIRLEY
SCOTT; BRUCE SELIGMAN;
STEPHEN M. WALKER; and
ANDREW FELD,

    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

       This matter comes before the Court upon Defendants' Motion to Dismiss, filed on March 5, 2013. (Doc. 24). Plaintiff filed a response on March 28, 2013, and Defendants filed a reply on April 22, 2013. (Docs. 27 and 33). Having considered Defendants' Motion to Dismiss and the accompanying briefs, the Court denies Defendants' Motion to Dismiss.

A. *The Complaint for Negligence, Gross Negligence, and Breaches of Fiduciary Duty (Complaint) (Doc. 1)*

       Plaintiff Federal Deposit Insurance Corporation brings this lawsuit as the receiver for Charter Bank of Santa Fe, New Mexico (Bank). Plaintiff was appointed receiver for the Bank on January 22, 2006, when the Office of Thrift Supervision closed the Bank due to insolvency. (Doc. 1) at ¶ 6. Plaintiff asserts claims against the Bank's former directors: Robert Wertheim

(now deceased),[1] R. Glenn Wertheim, John W. Brown, Ronald Brown, Paul Goblet, Joyce Godwin, Shirley Scott, Bruce Seligman, and Stephen M. Walker. *Id.* at ¶¶ 11-19. Plaintiff also brings claims against the Bank's former officers: R. Glenn Wertheim and Andrew Feld. *Id.* at ¶¶ 20-21.

Plaintiff alleges that Defendants committed 72% of the Bank's core capital to operate Specialty Lending Group (SLG), a subprime lending enterprise created in 2006 and located in Denver, Colorado. *Id.* at ¶¶ 1, 7. According to Plaintiff, "SLG planned to target subprime markets primarily in Florida, California, and Texas." *Id.* at ¶ 26. Plaintiff maintains that the Bank planned to "sell most of the SLG subprime loans into the secondary market" in order to limit the Bank's risk. *Id.* at ¶ 27. In fact, Plaintiff claims that the Bank did not find a secondary market and that "[b]y November 2009, 72.96 percent of the SLG loans were more than 30 days past due." *Id.* at ¶¶ 29 and 31.

Plaintiff specifically claims that (1) Defendants "knew or should have known that there was no secondary market for subprime loans;" (2) "Defendants knew, or should have known, that as a result of its lax underwriting standards that the probability of default was enormous;" (3) Defendants failed to consider information "relative to the falling real estate market when approving the Bank's loan policy in Florida and California;" and (4) Defendants disregarded information describing the kind of lending SLG engaged in as risky. *Id.* at ¶¶ 1, 39, 42, and 43. In sum, Plaintiff alleges that SLG's loan policy and practices created unreasonable risk to the Bank. *Id.* at ¶¶ 32-44.

In Count I, Plaintiff brings state negligence claims against the Director Defendants, as a group, and against the Officer Defendants, as a separate group. *Id.* at ¶¶ 45-57. In Count II,

---

[1] Elizabeth Wertheim is the personal representative for Robert Wertheim's estate.

Plaintiff brings gross negligence claims under 12 U.S.C. § 1281(k) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. *Id.* at ¶¶ 58-63. Plaintiff asserts the gross negligence claims against the Director Defendants, as a group, and against the Officer Defendants, as a group. Lastly, in Count III, Plaintiff brings state breach of fiduciary duties claims against all of the Defendants. *Id.* at ¶¶ 64-67.

B.  *Standard of Review*

A court, in accordance with Fed. R. Civ. P. 12(b)(6), may dismiss a complaint for "failure to state a claim upon which relief can be granted." To decide a Rule 12(b)(6) motion to dismiss, courts are restricted to considering the contents of the complaint and any "documents incorporated by reference in the complaint" as well as any "documents referred to in and central to the complaint, when no party disputes its authenticity."[2] *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013). Courts must accept all well-pleaded allegations as true and must view them in the light most favorable to the plaintiff. *See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir.1984). Rule 12(b)(6) requires that a complaint set forth the grounds of a plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action.[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a complaint does not need to include detailed factual allegations, "factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* In other words, dismissal of a complaint under Rule 12(b)(6) is proper only where it is obvious that the plaintiff failed to set forth "enough facts to state a

---

[2] The Court will not consider any of Plaintiff's factual allegations or references to documents which are not contained or referenced in the Complaint.

[3] The Court will disregard any conclusory statements in the Complaint when analyzing Defendants' Motion to Dismiss.

claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). Courts must draw on their "judicial experience and common sense" to assess a claim's plausibility. *Id*. at 679.

C. Discussion

Defendants move to dismiss the entire Complaint for failure to state a claim upon which relief can be granted. Defendants contend that Plaintiff has failed to plead, for each Defendant, sufficient facts to show that (1) each Defendant violated NMSA 1978, § 53-11-35(B) (2001 Repl. Pamp.), which dictates how a director will perform his duties as a director, and (2) each Defendant is not entitled to the protection of the business judgment rule as articulated under New Mexico common law. Hence, Defendants argue that Plaintiff has not plausibly pled that Defendants breached the duty of care they owed to the Bank. Having failed to plausibly plead that Defendants breached the duty of care they owed to the Bank, Defendants contend that Plaintiff has failed to state claims of negligence, gross negligence, and breach of fiduciary duty. Defendants also argue that Plaintiff's attempt to cure deficiencies in the Complaint through its response is improper. Plaintiff opposes the Motion to Dismiss, but, in the alternative, seeks leave to amend the Complaint under Fed. R. Civ. P. 15(a)(2) to correct any deficiencies. Defendants do not object to Plaintiff's request for leave to amend the Complaint.

    *1. Failure to Allege Wrongful Actions by Each Defendant*

Defendants argue first that the Court should dismiss the Complaint because Plaintiff did not allege wrongful actions by each individual Defendant. Defendants cite a Tenth Circuit case

in which the Tenth Circuit held that pleading "broad allegations against a large and mostly anonymous group of people" is insufficient to survive a Rule 12(b)(6) motion to dismiss. *See Burnett v. Mortgage Electronic Registration Systems, Inc.*, 706 F.3d 1231, 1240 (10th Cir. 2013). Moreover, Defendants assert that because the language in Section 53-11-35(B) focuses on "a director" and how that director must perform his duties as a director, Plaintiff must plead how each Director Defendant violated Section 53-11-35(B). In this case, unlike in *Burnett*, the Defendants are known and are grouped by their positions with the Bank or collectively, as a whole. A plain reading of the Complaint indicates that Plaintiff's use of "Director Defendants," "Officer Defendants," and "Defendants" is simply shorthand for referring to the specific individuals in each group. Consequently, Plaintiff's allegations satisfy Section 53-11-35(B)'s focus on the actions of individual directors. Plaintiff's use of defendant groupings does not warrant a dismissal of the Complaint under Rule 12(b)(6).

In addition, Plaintiff's response contains a chart of Board of Directors meetings which shows which Director Defendants attended those meetings. The Court notes that Plaintiff indicates in Paragraphs 26 and 29 of the Complaint that all Director Defendants attended a November 15, 2006, Board of Directors meeting and a September 2007 Board of Directors meeting when, according to the chart, Defendant Walker was actually absent from those meetings. *See* (Doc. 27) at 20-21. The Court will allow Plaintiff to amend the Complaint to ensure that its references to the different groups of Defendants are accurate. Because this deficiency in the Complaint does not adversely affect the broad substantive issues presented by Defendants' Motion to Dismiss, the Court will address those issues at this time.

*2. The Director Defendants*

    *a. Section 53-11-35(B) and the New Mexico Common Law Business Judgment Rule*

The first sentence of Section 53-11-35(B) specifies that

> [a] director shall perform his duties as a director … in good faith, in a manner the director believes to be in or not opposed to the best interests of the corporation, and with such care as an ordinarily prudent person would use under similar circumstances in a like position.

Section 53-11-35(B) further specifies that a director is entitled to rely on information made available to the director by

> (1) officers or employees of the corporation whom the director reasonably believes to be reliable and competent in the matters presented;
>
> (2) counsel, public accountants or other persons as to matters which the director reasonably believes to be within such person's professional or expert competence; or
>
> (3) a committee of the board upon which the director does not serve, duly designated in accordance with a provision of the articles of incorporation or the bylaws, as to matters within its designated authority, which committee the director reasonably believes to merit confidence, but the director shall not be considered to be acting in good faith if the director has knowledge concerning the matter in question that would cause such reliance to be unwarranted.  A person who so performs such duties shall have no liability by reason of being or having been a director of the corporation.

A director's reasonable reliance on information provided by others to perform his duties is a "safe harbor" affirmative defense.  *See, e.g., In re LandAmerica Financial Group, Inc.*, 470 B.R. 759, 790 (Bankr. E.D. Va. 2012) (referring to similar language in Virginia statute as creating safe harbor affirmative defense); *In re Musicland Holding Corp.*, 398 B.R. 761, 785 (Bankr. S.D. N.Y. 2008) (same in Delaware statute); *Paratransit Rick Retention Group Ins. Co. v. Kamins*, 160 P.3d 307, 318-19 (Colo. App. 2007) (same in Colorado statute).

    New Mexico courts have also adopted the following common law business judgment rule:

> If in the course of management, directors arrive at a decision, within the corporation's powers (intra vires) and their authority, for which there is a reasonable basis, and they act in good faith, as the result of their independent discretion and judgment, and uninfluenced by any consideration other than what they honestly believe to be the best interests of the corporation, a court will not interfere with internal management and substitute its judgment for that of the directors to enjoin or set aside the transaction or to surcharge the directors for any resulting loss.
>
> Although the "business judgment" rule is usually stated in terms of director functions, it is no less applicable to officers in the exercise of their authority….

*DiIaconi v. New Cal Corp.*, 1982-NMCA-064 ¶ 29, 97 N.M. 782 (quoting Henn, *Law of Corporations*, 482-83, § 242 (1979)).

Courts have addressed the interplay between statutory provisions similar to the first sentence of Section 53-11-35(B) and common law business judgment rules like New Mexico's. The Georgia Supreme Court recently held that if a director or officer fails to perform his duties with such care as an "ordinarily prudent" person would under similar circumstances in a like position, as required by the Georgia statute, but he acts in good faith "with respect to the process by which he makes decisions," i.e., he acts in a manner protected by the Georgia business judgment rule, that director or officer would, nonetheless, be liable under the statute. *Federal Deposit Ins. Corp. v. Skow*, __ S.E.2d __, 2014 WL 4670371 *1 (Ga.). In other words, a director must first comply with the statutory mandate to act as an ordinarily prudent person before the process by which he came to a decision can be protected by the business judgment rule. *See, also, F.D.I.C. v. Stahl*, 89 F.3d 1510, 1517 (11th Cir. 1996) (directors must act with ordinary care under Florida statute before business judgment rule applies).

Applying the above caselaw to the situation here, a director in New Mexico must initially comply with the first sentence of Section 53-11-35(B). Then, if the director's decision has a reasonable basis and the director acted in good faith and in the best interest of the corporation, the New Mexico common law business judgment rule will protect the director from liability

arising from his decision.  Conversely, if the director violates the first sentence of Section 53-11-35(B), then the New Mexico common law business judgment rule does not apply, and the Court can "substitute its judgment for that of the directors to enjoin or set aside the transaction or to surcharge the directors for any resulting loss."

The next question is how does a plaintiff plead this New Mexico law in a complaint.  In *F.D.I.C. v. Schuchmann*, a case involving the New Mexico common law business judgment rule, the Tenth Circuit held that this Court did not abuse its discretion when it instructed a jury that the plaintiff must prove that the New Mexico common law business judgment rule does not apply. 235 F.3d 1217, 1228-29 (10th Cir. 2000).  The Tenth Circuit reasoned that this was the appropriate result considering that New Mexico courts had not decided whether the burden of proving the common law business judgment rule should be shifted to the defendant.  *Id.*  New Mexico law on the issue of burden shifting remains unsettled.

*Schuchmann*, however, is not helpful with respect to the Director Defendants because the Tenth Circuit did not address the interplay between the first sentence of Section 53-11-35(B) and the New Mexico common law business judgment rule.  That interplay necessarily controls the pleading issue.  It follows then that because Plaintiff contends that the Director Defendants violated the first sentence of Section 53-11-35(B), the New Mexico common law business judgment rule would not apply to the Director Defendants, and it would, therefore, be unnecessary to plead facts demonstrating the inapplicability of that rule to the Director Defendants.  Thus, Plaintiff must only allege sufficient facts to demonstrate that it is plausible that the Director Defendants did not comply with the first sentence of Section 53-11-35(B).

Defendants, nonetheless, note that Section 53-11-35(B) provides that if a director reasonably relies on others for information, that director will "have no liability by reason of

8

being or having been a director of the corporation." Since this safe harbor provision is an affirmative defense, Plaintiff is not required to plead facts regarding the inapplicability of that provision. In sum, Plaintiff must plausibly plead that the Director Defendants violated the first sentence of Section 53-11-35(B).

### b. The Sufficiency of the Factual Allegations in the Complaint

Because the first sentence of Section 53-11-35(B) requires, in the conjunctive, that directors act in good faith, believe that they are acting in the best interests of the corporation, and act as ordinarily prudent persons, Plaintiff need only plead that the Director Defendants did not meet one of those requirements. *See, e.g., Spitznas v. Boone*, 464 F.3d 1213, 1226 (10th Cir. 2006) (court need not consider whether plaintiff meets second element of statutory "inquiry, since the test is conjunctive and he fails the first element."). Here, Plaintiff's factual allegations in the Complaint focus on whether the Director Defendants acted as ordinarily prudent persons. Plaintiff includes specific factual allegations regarding how the Director Defendants "historically under-capitalized and over leveraged" the Bank, how the Director Defendants created SLG in order to make subprime loans with the intent of selling those loans into a secondary market, and how the Director Defendants created unreasonable risks to the Bank by operating SLG in the manner they did despite being aware of those risks.

Defendants complain that Plaintiff cites two government guidance documents and a government advisory letter in the Complaint which did not prohibit the Director Defendants from creating SLG and even acknowledged that the enterprise SLG engaged in could be profitable. *See* (Doc. 1) at ¶¶ 27, 39, 40, and 43. Those documents, nevertheless, posit risk factors involved in the kind of lending SLG provided. Plaintiff alleges that the Director Defendants did not heed those risk factors to the detriment of the Bank's financial well-being. Viewed in their entirety

and in the light most favorable to Plaintiff, Plaintiff's factual allegations support a plausible claim that the Director Defendants did not perform their duties with the care ordinarily prudent persons would use under similar circumstances in like positions, and that they, thus, violated the first sentence of Section 53-11-35(B).

### 2. *The Officer Defendants*

The first sentence of Section 53-11-35(B) only applies to directors, not to corporate officers. The New Mexico common law business judgment rule, however, applies equally to the Officer Defendants. *Schuchmann* supports the proposition that the plaintiff has the burden of showing that the New Mexico common law business judgment rule does not apply to the Officer Defendants. Since the New Mexico common law business judgment rule requires, in the conjunctive, that officers have a reasonable basis for their actions, act in good faith, and honestly believe that they acted in the best interests of the corporation, as with Section 53-11-35(B), Plaintiff need only plead that the Officer Defendants did not meet one of those requirements.

Similar to the Director Defendants, Plaintiff's factual allegations in the Complaint focus on whether the Officer Defendants had a reasonable basis for their actions. Plaintiff alleges that the concept for SLG and its risky lending policies originated with the Officer Defendants. (Doc. 1) at ¶ 26. Plaintiff maintains that the Officer Defendants, like the Director Defendants, ignored the subprime loan risks outlined in government documents as well as in the *Wall Street Journal*. *Id.* at ¶¶ 27, 28, 39, 40, 43. Plaintiff further sufficiently alleges that the Officer Defendants knew that there was no market for SLG's subprime loans. *Id.* at ¶ 29. Viewing the Complaint as a whole and in the light most favorable to Plaintiff, Plaintiff has plausibly pled that the Officer Defendants did not have a reasonable basis for their actions and that, therefore, the Officer Defendants are not entitled to protection under the New Mexico common law business judgment

rule.

*C. Conclusion*

    Plaintiff has plausibly pled that the Director Defendants violated the first sentence of Section 53-11-35(B). Plaintiff has also plausibly pled that the Officer Defendants are not entitled to the New Mexico common law business judgment rule. Plaintiff, however, will be allowed to amend the Complaint to correct the references to the different groups of Defendants. The Motion to Dismiss is, therefore, denied.

    IT IS ORDERED that

    1. Defendants' Motion to Dismiss (Doc. 24) is denied;

    2. Plaintiff must amend the Complaint no later than November 5, 2014, to correct the references to the different groups of Defendants.

                                                          _____
                                                          UNITED STATES DISTRICT JUDGE