## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FED. DEPOSIT INS. CO.,

    Plaintiff,

v.                                                      No. 13-cv-0050 KG/KBM

ROBERT WERTHEIM, R. GLENN WERTHEIM,
JOHN W. BROWN, RONALD BROWN,
PAUL GOBLET, JOYCE GODWIN,
SHIRLEY SCOTT, BRUCE SELIGMAN,
STEPHEN M. WALKER, ANDREW FELD,
and ELIZABETH WERTHEIM,

    Defendants.[1]

### ORDER SETTING SETTLEMENT CONFERENCE

THIS MATTER is before the Court pursuant to an order appointing as mediator the Honorable Stephan M. Vidmar, United States Magistrate Judge. [Doc. 51]. To facilitate a final disposition of this case, a mandatory Settlement Conference will be conducted in accordance with Rule 16(a)(5) of the Federal Rules of Civil Procedure. The conference will be held on **January 29, 2015, at 9:00 a.m.** in the **Pecos Courtroom, Third Floor, Pete V. Domenici United States Courthouse at 333 Lomas Boulevard Northwest in Albuquerque, New Mexico.**

The parties or a designated representative, other than counsel of record, with full authority to resolve the case, must attend in person. Counsel who will try the case must also attend in person. Counsel are encouraged to read "Keys to a Successful Mediation" by Judge

---

[1] Defendant Robert Wertheim died on March 19, 2013. *See* [Doc. 37] at 1. He was terminated as a party on September 19, 2013, and substituted with Defendant Elizabeth H. Wertheim. [Doc. 39].

James A. Hall prior to the settlement conference.[2]  Those attending the settlement conference must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[3] *See generally Hand v. Walnut Valley Sailing Club*, No. 11-3228, 2012 WL 1111137 (10th Cir. Apr. 2, 2012) (unpublished) (affirming dismissal of case as sanction for violating confidentiality of settlement conference).

No later than **January 9, 2015**, Plaintiff shall serve on Defendants a letter setting forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff assert will allow it to establish liability; (b) a brief explanation of why damages or other relief would be warranted; (c) an itemization of the principles supporting those damages; and (d) a settlement demand.

No later than **January 16, 2015**, Defendants shall serve on Plaintiff a letter that sets forth at least the following information: (a) any points in Plaintiff's letter with which the defense agrees; (b) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a counteroffer.[4]  If a release is contemplated, defense counsel shall include a proposed form of release with the letter.

Each of these letters typically should be five pages or fewer, and counsel must ensure that each party reads the opposing party's letter before the Settlement Conference.  If the case does

---

[2]  For ease of reference, the Court has posted the article on its website, and the article may be accessed at http://www.nmcourt.fed.us/web/DCDOCS/Judges/Files/HallMediationArticle.pdf

[3]  This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

[4]  If the parties have engaged in settlement negotiations, Plaintiff's demand should be lower than Plaintiff's most recent demand, and Defendants' counteroffer should be higher than Defendants' most recent counteroffer.

not settle, Plaintiff shall provide copies of these letters to the Court no later than **5:00 p.m. on January 22, 2015**.

It has been the Court's experience that mediations are rarely successful when there is a fundamental disagreement over the defendant's maximum exposure, that is, the amount the plaintiff could potentially recover if it prevails on all claims and defenses. Therefore, in Plaintiff's letter to Defendants, Plaintiff's counsel should state the exact dollar amount Plaintiff believes it could recover at trial. If Defendants disagree with the amount stated in Plaintiff's letter, Defendants' letter should state the exact dollar amount Defendants believe to be correct. In other words, if Plaintiff claims X damages, and Defendants believe the correct amount to be Y (assuming Plaintiff prevails on all claims and defenses), Defendants' letter should clearly state that Plaintiff's damages are, at best, Y. It is insufficient to simply say, "Defendants disagree that Plaintiff can prove X damages."

No later than **5:00 p.m. on January 22, 2015**, each party must provide the Court, in confidence, a concise position statement (typically no more than ten pages) containing an analysis of the strengths and weaknesses of its case and the names of the individuals who will be attending the conference and in what capacity. Position statements must be submitted to the Court by e-mail at VidmarChambers@nmcourt.fed.us.[5]

The Court may contact counsel ex parte prior to the Settlement Conference to discuss the Settlement Conference.

---

[5] Each e-mail message and its attachments cannot exceed 5 MB. Data exceeding 5 MB should be submitted in individual e-mail messages, each less than 5 MB.

**IT IS THEREFORE ORDERED** as follows:

| | |
|---|---|
| **Plaintiff's letter and settlement demand due to Defendants:** | **January 9, 2015** |
| **Defendants' letter and counteroffer due to Plaintiff:** | **January 16, 2015** |
| **Plaintiff provides copies of settlement letters to the Court by:** | **January 22, 2015, by 5:00 p.m.** |
| **Parties' confidential position statements due to the Court:** | **January 22, 2015, by 5:00 p.m.** |
| **Settlement Conference:** | **January 29, 2015, at 9:00 a.m.** |

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**